UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AHMED S. KHALIL,

                              Plaintiff,

                                                                                             5:22-CV-0312

v.                                                                                   (GTS/ATB)

GENERAL ELECTRIC CORP.; CLARKSON UNIVERSITY; KEVIN M. WELLS, St. Lawrence Cty. Sheriff, individual and official capacity; BROOKS BIGWARFE, St. Lawrence Cty. Sheriff, individual and official capacity; GARY M. PASQUA, St. Lawrence Cty. District Atty., individual and official capacity; ADAM STONE, Assis. District Atty., individual and official capacity; JANE DOE #1, Greene Cty. Sheriff, individual and official capacity; EMILY DAVIS, Sp. Agent, Dept. of Homeland Security, Immigration and Customs Enforcement, individual and official capacity; INVESTIGATOR CORINGI, St. Lawrence Cty. Sheriff Dept., individual and official capacity; PETER T. KROENJEL, N.Y.S. Police Investigator, Troop H Counter Terrorism Intellig. Unit, Border Enforcement Security Task Massena Force, individual and official capacity; JUDY TRIMBOLD, N.Y.S. Police, individual and official capacity; JOHN E. JONES, Dep. Sheriff, St. Lawrence Cty. Sheriff Dept., individual and official capacity; JANE DOE #2-5, Dep. Sheriff, St. Lawrence Cty. Sheriff Dept., individual and official capacity; MATTHEW MARIA, Dep. Sheriff, St. Lawrence Cty. Sheriff Dept., individual and official capacity; JASON MARY, Chief Assis. District Atty., St. Lawrence Cty.,individual and official capacity; ALEX NICHOLS, Assis. District Atty., St. Lawrence Cty., individual and official capacity; VILLAGE OF POTSDAM, individual and official capacity; VILLAGE OF POTSDAM POLICE DEPT., individual and official capacity; JANE DOE #6, Village of Potsdam Police Dept., Employee Village of Potsdam Police Dept., individual and official capacities; JANE DOE 67, N.Y.S. Police Employee, N.Y.S. Police, individual and official capacity; ST. LAWRENCE COUNTY, individual and official capacity; GREENE COUNTY, individual and official capacity; KYLE FINK, Village of Potsdam, Police Dept. Police Officer, individual and official capacity; TOWN OF CANTON, individual and official capacity; TOWN OF CANTON POLICE DEPT., individual and official capacity; RYAN COLE, Town of Canton Police Dept. Patrolman, individual and official capacity; JANE DOE #7, Dep. Sheriff, St. Lawrence Cty. Sheriff Dept., individual

and official capacity; ST. LAWRENCE COUNTY SHERIFF
DEPT., individual and official capacity; GREENE COUNTY
SHERIFF DEPT., individual and official capacity; JANE DOE #8,
Corr. Ofcr., St. Lawrence Cty. Jail, individual and official
capacities;[1] JANE DOE #9-65, St. Lawrence Cty. Jail, individual
and official capacity; JANE DOE #66, Corr. Officer, St. Lawrence
Cty. Jail, individual and official capacity; JANE DOE #68, Medical
Doctor, St. Lawrence Cty. Jail, individual and official capacity;
JANE/JOHN DOE #69-72, Nurse, St. Lawrence Cty. Jail, individual
and official capacity; VAL, St. Lawrence Cty. Renewal House,
individual and official capacity; ST. LAWRENCE COUNTY; and
GREENE COUNTY,

                                                         Defendants.

APPEARANCES:

AHMED S. KHALIL
*Plaintiff, Pro Se*
280 Central Avenue, Apt. 2
Albany, New York 12206

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Ahmed S. Khalil ("Plaintiff") against the above-captioned individuals and entities ("Defendants"), are (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that some of Plaintiff's claims be dismissed with prejudice and some of Plaintiff's claims be dismissed without prejudice; and (2) Plaintiff's Objection and Supplement Objection to the Report-

---

[1] After reviewing Plaintiff's Complaint, the Court believes the Clerk's Office may have made a typographical error with respect to the individual identified above as "Jane Do #8." This Jane Doe was originally listed on the caption as "Jane Doe #9 and appears to be duplicative of Jane Doe #9-65. This Jane Doe Defendant should be listed as "Jane Doe #8" in accordance with page 8 of Plaintiff's Complaint. (Dkt. No. 1, at 8.) Accordingly, the Clerk's Office is directed to replace "Jane Doe #9" with "Jane Doe #8."

Recommendation. (Dkt. Nos. 8, 9, 13.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter made the following eight findings of fact and conclusions of law: (1) Plaintiff's claims against Defendants General Electric Corporation and Clarkson University should be dismissed, without prejudice but without opportunity to amend, because the Court lacks subject-matter jurisdiction over those claims (and the claims have no relation to other allegations in the Complaint in order for the Court to exercise supplemental jurisdiction over them); (2) Plaintiff's claims of harassment and discrimination asserted against Defendants Clarkson University and Sheriff Jones should be dismissed against Defendant Clarkson University, which as a private university does not act under "color of state law," and dismissed against Defendant Jones based on absolute immunity; (3) Plaintiff's false arrest, malicious prosecution, conspiracy, and fabrication of evidence claims asserted against Defendants Jones, Maria, Coringi, Wells, Davis, Kroenjel, Trimbold, and Does 2-6 relating to Plaintiff's arrest on weapons and stalking charges in Pierrepont Town Court should be dismissed, without prejudice, for failure to state a claim, because (a) based on the facts alleged, Plaintiff has failed to plausibly suggest that Defendants acted with malice in prosecuting these charges, and (b) although Plaintiff's weapons charges were subsequently dismissed (and therefore Plaintiff can establish favorable termination with regard to them), he was subsequently convicted of the stalking charges (and thus cannot establish favorable termination with regard to them); (4) Plaintiff's false arrest, malicious prosecution, conspiracy, and fabrication of evidence claims

3

against Defendants Cole, Davis, Kroenjel, Fink, Maria, Pasqua, Stone, and Jane Doe #7 concerning his "interrogation" by various law enforcement officers concerning a violation of an order of protection and for contempt of court in the Town of Canton, should be dismissed; (5) Plaintiff's Eighth Amendment conditions of confinement claims regarding deprivation of medication and food while housed at St. Lawrence County Jail should be dismissed without prejudice for failure to state a claim; (6) Plaintiff's municipal liability claims against St. Lawrence County, Greene County, Village of Potsdam, Town of Canton should be dismissed without prejudice for failure to state a claim, and Plaintiff's claims against the Village of Potsdam Police Dept., Town of Canton Police Dept., St. Lawrence County Sheriff's Dept., and Greene County Sheriff's Dept. should be dismissed with prejudice given that Plaintiff has named the respective municipalities in this action; (7) Plaintiff's claims against Defendant Kevin Wells, Defendant Brooks Bigwarfe, Defendant Judy Trimbold, and Defendant Val should be dismissed for failure to state a claim; and (8) Plaintiff's claims against Defendants Jane Does 1-68 and Jane/John Does #69-72 should be dismissed unless Plaintiff can provide the identity of each of these defendants and amend his pleadings pursuant to Fed. R. Civ. P. 15. (Dkt. No. 8, Parts III-XII.)

> **B.    Plaintiff's Objections and Supplemental Objections to the Report-Recommendation**

Generally, in his Objections, Plaintiff asserts the following five arguments: (1) Plaintiff's Section 1983 claims against Defendants General Electric and Clarkson should not be dismissed, because Plaintiff has alleged facts plausibly suggesting that both Defendants violated their respective employment contracts with Plaintiff, and the "no contact" provision under the order of protection issued against Ms. Hosseini-Nurovei, by sending his personal information to Ms.

Hosseini-Nurovei without his consent; (2) Plaintiff's First Amendment claim for religious discrimination against Defendant Jones should not be dismissed, because Magistrate Judge Baxter overlooked additional allegations of religious discrimination within the Complaint (e.g., Defendant Jones prevented Plaintiff from attending a religious ceremony, failed to provide Plaintiff with his prescription medication until after Ramadan, and deprived Plaintiff of food for 19 consecutive days during Ramadan); (3) Plaintiff's false arrest and malicious prosecution claims against Defendants Coringi and Jane Does 2-6 should not be dismissed, because Plaintiff has alleged facts plausibly suggesting that these Defendants were aware that Plaintiff legally owned his guns based on Defendant Jones' admission that they conducted an illegal search of Plaintiff's house; (4) Plaintiff's conditions of confinement claim should not be dismissed against Defendants Bigwarfe and Maria, because Plaintiff now clarifies to the Court that it was Defendant Bigwarfe who told Plaintiff he was being deprived of food because he is the "highest authority in St. Lawrence County," and that Defendant Maria deprived Plaintiff of sleep by restraining him in his cell; and (5) because Plaintiff is proceeding *pro se* and English is his second language, the Court should allow Plaintiff an opportunity to amend all claims. (*See generally* Dkt. No. 9.)

In addition, more than seven months after the expiration of the deadline for his Objections, Plaintiff filed Supplemental Objections arguing that he should be permitted to completely amend his original complaint "to reflect also January 2020 St. Lawrence County Family Court . . . constrained from making a finding with respect to aggravated harassment in the second degree after Article 8 of the family court proceeding/trial." (*See generally* Dkt. No. 13.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-

---

[2]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 8.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims against Defendants Pasqua, Stone, Mary, Nichols,

---

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Potsdam Police Department, Canton Police Department, Greene County Sheriff's Department, and St. Lawrence County Sheriff's Office in his Complaint (Dkt. No. 1) are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's claims against Defendants General Electric and Clarkson University in his Complaint (Dkt. No. 1) are **DISMISSED without prejudice and without prior leave to amend** in this action; and it is further

**ORDERED** that the remainder of the claims in Plaintiff's Complaint (Dkt. No. 1) **shall be DISMISSED** without further Order of the Court, **UNLESS**, within **FORTY-FIVE (45) DAYS** from the date of this Decision and Order, Plaintiff corrects the pleading defects identified in those claims through filing an Amended Complaint (which again may *not* assert claims against Defendants Pasqua, Stone, Mary, Nichols, Potsdam Police Department, Canton Police Department, Greene County Sheriff's Department, St. Lawrence County Sheriff's Office, General Electric, and Clarkson University); and it is further

**ORDERED** that such an Amended Complaint must be a complete pleading that complies with the pleading standards set forth in Fed. R. Civ. P. 8 and 10 and Local Rule 10.1, and will supercede and replace the original Complaint filed in this action in all respects; and it is further

**ORDERED** that, should Plaintiff file such an Amended Complaint, the Amended Complaint will be returned to Magistrate Judge Baxter for review pursuant to 28 U.S.C. § 1915.

Dated: September 15, 2023
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge