UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AHMED S. KHALIL,

                            Plaintiff,

                                                            5:22-CV-0312
v.                                                          (GTS/MJK)

GENERAL ELECTRIC CORP., *et al.*,

                            Defendants.
_____

APPEARANCES:

AHMED S. KHALIL
  Plaintiff, *Pro Se*
272 Central Ave, Apt. 6
Albany, New York 12206

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this *pro se* civil rights action filed by Ahmed S. Khalil

("Plaintiff") against more than 90 individuals and entities ("Defendants"),[1] are (1) United States

---

[1]    For a complete listing of these Defendants, the reader is respectfully referred to the listing of Defendants in, and the factual allegations of, Plaintiff's Amended Complaint (Dkt. No. 17, at 2-27, 30-68), which superseded in their entirety the listing of Defendants in, and the factual allegations of, his original Complaint (Dkt. No. 1, at 2-11, 14-37). Because the following seven individuals are not currently listed as Defendant on the docket sheet (but have been found, in this Decision and Order, to be the subject of actionable claims asserted in Plaintiff's Amended Complaint), the Clerk of Court is directed to add them as Defendants: (1) Salsiburu, Corrections Officer, St. Lawrence County Jail; (2) Jane/John Doe #83, Nurse, DOCCS / Altona Prison; (3) Jane/John Doe #84, Nurse, DOCCS / Altona Prison; (4) Jane/John Doe #85, Nurse, DOCCS / Altona Prison; (5) Jane/John Doe #86, Nurse, Coxsackie Prison; (6) J. Bamker, Offender Rehabilitation Coordinator, DOCCS / Altona Prison; and (7) Caryn Evans, Nurse, DOCCS / Altona Prison.  (Dkt. No. 17, at 9, 19-20.)

Magistrate Judge Andrew T. Baxter's Report-Recommendation[2] recommending that certain of

the claims in Plaintiff's Amended Complaint survive the Court's *sua sponte* review and that the

remainder of those claims be dismissed (some without prejudice and the others with prejudice),

and (2) Plaintiff's Objections to the Report-Recommendation.  (Dkt. Nos. 16, 21.)  For the

reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

I.      **RELEVANT BACKGROUND**

        A.      **Magistrate Judge Baxter's Report-Recommendation**

        Generally, in his Report-Recommendation, Magistrate Judge Baxter recommends that the

following claims in Plaintiff's Amended Complaint survive the Court's *sua sponte* review (so as

to require a response): (1) Plaintiff's First Amendment free exercise claim against Defendant

Salsiburu; and (2) Plaintiff's Eighth Amendment medical indifference claims against Defendants

Jane/John Doe #83, Jane/John Doe #84, Jane/John Doe #85, Jane/John Doe #86, J. Bamker, and

Caryn Evans.  (Dkt. No. 20, at 12-14, 30.)

        In addition, Magistrate Judge Baxter recommends that the following claims in Plaintiff's

Amended Complaint be dismissed without prejudice to amendment in this action (upon a

successful motion for leave to amend): (1) Plaintiff's Title VII claim against Defendant General

Electric; (2) Plaintiff's excessive force claim arising from the events taking place at Watertown

Correctional Facility on or about October 30, 2020; (3) Plaintiff's Eighth Amendment medical

indifference claims against Defendants Mr. McCaughan, Jane/John Doe #78, Jane/John Doe #79,

Jane/John Doe #80, Jane/John Doe #81, Jane/John Doe #82, Qudsi Vigar, and Anthony J.

---

        [2]     This case was reassigned to U.S. Magistrate Judge Mitchell J. Katz on January 5,
2024.  (Dkt. No. 22.)

Annucci; and (4) Plaintiff's claims against Defendant Rick Gonzalez. (*Id.* at 4-7, 17-19, 24-27, 30-31.)

Furthermore, Magistrate Judge Baxter recommends that the following claims in Plaintiff's Amended Complaint be dismissed without prejudice but without leave to amend in this action (due to a lack of subject-matter jurisdiction): (1) Plaintiff's Section 1983 claims against Defendants General Electric and Clarkson University; and (2) Plaintiff's claims against Defendants Dan Dumas, Peter Ramsey, James Maswick and Bryan Kennelly (all attorneys). (*Id.* at 3, 27-28, 30-31.)

Finally, Magistrate Judge Baxter recommends that the following claims in Plaintiff's Amended Complaint be dismissed with prejudice: (1) Plaintiff's remaining claims against Defendants General Electric and Clarkson University; and (2) Plaintiff's remaining claims against all other Defendants.[3] (*Id.* at 3, 8-11, 14-17, 27, 29, 31.)

## B.    Plaintiff's Objections

Generally, in his Objections, rather than assert the basis of a challenge to any specific

---

[3]    These Defendants include but not limited to Defendants Farideh Hosseini-Norouei, Christopher J. Burke, Wingming Chow, Brandon Marcia, Francis K. Rosania, Amun (John) Ahmed, Jane/Doe # 69, Jane/Doe # 70, Jane/Doe # 71, Jane/Doe # 72, Jane/Doe # 73, Jane/John Doe #74, Jane/John Doe #75, Jane/John Doe #76, Jane/John Doe #77, Rebert Darius, Bahman Farzi, Maya M. Atchan, Goodarz Ahmadi, Parisa Mirbod, Byron Erath, Jason Marx, Alex Nichols, Kevin M. Wells, Coringi, John E. Jones, Jane/John Doe #2-5, Matthew Maria, Jane/John Doe # 7, Peter T. Kroengel, Judy Trimboil, Kyle Fink, Ryan Cole, Lesault, Alan Merrill, Mark Lpage, Scott Salisbury, Samuel Lawrence, Brandi Barr-LaRock, Michael McCollum, Teressa Rutkauskas, Michael Perry, Larry Sanchez, Dylan Gonzalez, Monica Marin, William Pharoah, Debra Martin, Norman Warren, Stefani Simpson, Nathan Sweeney, Robert Kellison, Justin Fitzgerald, Joshua Simmons, Natolie Hartle, Shown, St. Lawrence County, Greene County, Village of Potsdam, Village of Potsdam Police Department, Town of Canton, Town of Canton Police Department, St. Lawrence County Sheriff's Department, Greene County Sheriff's Department, and "Val." (Dkt. No. 20, at 8-11, 14-17, 27, 29, 31.)

finding or recommendation of the Report-Recommendation, Plaintiff identifies a half-dozen statements in the Report-Recommendation, and then either (1) asserts that the statements are somehow inaccurate (without explaining the materiality of the purported inaccuracy) or (2) requests that an Arabic Egypt interpreter be assigned to assist Plaintiff in amending his Amended Complaint.  (*See generally* Dkt. No. 21.)

## II.     STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[4]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[5]  Similarly, a

_____

[4]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[5]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not

4

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.[6]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."  *Id*.[7]

　　　　After conducting the appropriate review, the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

636(b)(1)(C).

## III.    ANALYSIS

　　　　After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's

thorough Report-Recommendation, the Court can find no error in those parts of the Report-

Recommendation to which Plaintiff specifically objected, and no clear error in the remaining

parts of the Report-Recommendation:  Magistrate Judge Baxter employed the proper standards,

accurately recited the facts, and reasonably applied the law to those facts.  As a result, the

---

[6]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

To those reasons, the Court adds only that, although it will continue to extend the full measure of special solicitude to Plaintiff as a *pro se* civil rights litigant, it denies without prejudice his request for an interpreter as both procedurally improper (being unsupported by either an affidavit or a citation to a rule or statute on which the request is based) and lacking a showing of cause (the defects in Plaintiff's claims not appearing able to be rectified by such an interpreter).

**ACCORDINGLY**, it is

**ORDERED** that the Clerk of Court is directed to add as Defendants on the docket sheet the seven individuals identified in note 1 of this Decision and Order; and it is further

**ORDERED** that the Report-Recommendation (Dkt. No. 20) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 17) **SURVIVE** the Court's *sua sponte* review (so as to a require a response):

(1) Plaintiff's First Amendment free exercise claim against Defendant Salsiburu; and

(2) Plaintiff's Eighth Amendment medical indifference claims against Defendants Jane/John Doe #83, Jane/John Doe #84, Jane/John Doe #85, Jane/John Doe #86, J. Bamker, and Caryn Evans;[8] and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 17)

---

[8] Plaintiff is respectfully reminded that, if he does not diligently identify the above-stated Jane/John Doe Defendants, his claims against those Defendants will be dismissed, as stated in note 9 on page 30 of the Report-Recommendation.  (Dkt. No. 20, at 30, n.9.)

are **<u>DISMISSED</u> without prejudice** to amendment in this action (upon a successful motion for

leave to amend):

>(1) Plaintiff's Title VII claim against Defendant General Electric;

>(2) Plaintiff's excessive force claim arising from the events taking place at

>Watertown Correctional Facility on or about October 30, 2020;

>(3) Plaintiff's Eighth Amendment medical indifference claims against Defendants

>Mr. McCaughan, Jane/John Doe #78, Jane/John Doe #79, Jane/John Doe #80,

>Jane/John Doe #81, Jane/John Doe #82, Qudsi Vigar, and Anthony J. Annucci;

>and

>(4) Plaintiff's claims against Defendant Rick Gonzalez; and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 17)

are **<u>DISMISSED</u> without prejudice** but **without leave to amend in this action** (due to a lack of

subject-matter jurisdiction):

>(1) Plaintiff's Section 1983 claims against Defendants General Electric and

>Clarkson University; and

>(2) Plaintiff's claims against Defendants Dan Dumas, Peter Ramsey, James

>Maswick and Bryan Kennelly; and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 17)

are **<u>DISMISSED</u> with prejudice**:

>(1) Plaintiff's remaining claims against Defendants General Electric and Clarkson

>University; and

>(2) Plaintiff's remaining claims against all other Defendants named in the

Amended Complaint (including those listed in note 3 of this Decision and Order).

Dated: August 28, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge