UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AHMED S. KHALIL,

                                   Plaintiff,

    v.                                                                                 5:22-CV-312
                                                                                          (GTS/MJK)

GENERAL ELECTRIC CORP., et al.,

                                   Defendants.
_____

AHMED S. KHALIL, Plaintiff, pro se

MITCHELL J. KATZ, U.S. Magistrate Judge

## DECISION and ORDER

      On December 1, 2023, U.S. Magistrate Judge Andrew T. Baxter issued an Order and Report-Recommendation ("ORR") in this action. (Dkt. No. 20). In the ORR, Judge Baxter reviewed the plaintiff's amended complaint (Dkt. No. 17), asserting various claims against more than 90 individuals and entities. Based upon his initial review, and after finding that plaintiff met the financial criteria to proceed IFP, Judge Baxter recommended that some of plaintiff's claims survive the court's sua sponte review. (*See* Dkt. No. 20). Judge Baxter further recommended that the remaining defendants and causes of action set forth in the amended complaint be dismissed, some with prejudice and some without. (*Id.*).

      Plaintiff filed objections to Judge Baxter's ORR on December 14, 2023. (Dkt. No. 21). This case was reassigned to me for all further proceedings on January 5, 2024. (Dkt. No. 22). On August 28, 2024, U.S. District Judge Glenn T. Suddaby adopted

1

Judge Baxter's ORR in its entirety. (Dkt. No. 23). Specifically, the following claims in plaintiff's amended complaint survived the court's review, so as to require a response: (1) plaintiff's First Amendment free exercise claim against defendant Salsiburu; and (2) plaintiff's Eighth Amendment medical indifference claims against defendants Jane/John Doe #83, Jane/John Doe #84, Jane/John Doe #85, Jane/John Doe #86, J. Bamker, and Caryn Evans. (Dkt. No. 23 at 7). This matter is now before me to order service of the amended complaint on the above defendants.

Although "[i]t is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit . . . [t]his rule has been relaxed [ ] in actions brought by pro se litigants." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997). "This is particularly so where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation." *Id.* In accordance with the Second Circuit's decision in *Valentin*, this court can request the Attorney General of the State of New York and/or DOCCS to ascertain, to the extent that they can, the full names of the unidentified DOCCS employees and or agents against whom plaintiff maintains suit in this action. *See, e.g., Grant v. New York*, No. 10-CV-5497, 2011 WL 17155 (E.D.N.Y. Jan. 3, 2011) ("Pursuant to *Valentin v. Dinkins*, this Court can request the Attorney General of the State of New York and/or the Corporation Counsel of the City of New York to ascertain the full names of the defendant officers." (citations omitted)). Accordingly, the New York State Attorney General's Office is hereby requested to produce the full names of Jane/John Doe #83, Jane/John Doe #84, Jane/John Doe #85 – currently identified as

2

medical staff at Altona C.F. who were involved in the treatment or care of plaintiff with respect to his Condyloma/HPV in or around August through October 2020. (*See* AC at 62-63). The New York State Attorney General's Office is further requested to produce the full name of Jane/John Doe #86 – currently identified as a physician who provided gastroenterology services to plaintiff at Coxsackie C.F. in or around November 2020. (*See* AC at 63). The Attorney General's Office is also requested, to the extent that it is able to identify any of the Doe defendants, to provide the addresses where the defendants so identified can currently be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

    The New York State Attorney General's Office is hereby requested to produce the information specified above within thirty (30) days of the filing date of this Decision and Order. This information should be sent to the Clerk of the Court for the Northern District of New York, as well as to plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the court for further review.

    **WHEREFORE**, based on the findings above, and in Judge Baxter's ORR (Dkt. No. 20) and Judge Suddaby's Decision and Order (Dkt. No. 23), it is

    **ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint (Dkt. No. 17), a packet containing General Order 25,

which sets forth the Civil Case Management Plan used by the Northern District of New York, and a copy of this Decision and Order, Judge Baxter's ORR, and Judge Suddaby's Order (Dkt. Nos. 20, 23) to the United States Marshal for service upon defendant **SALSIBURU**.  The Clerk shall forward a copy of the summons and amended complaint to the St. Lawrence County Attorney, together with a copy of this Decision and Order, Judge Baxter's ORR, and Judge Suddaby's Order; and it is further

    **ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint (Dkt. No. 17), a packet containing General Order 25, and a copy of this Decision and Order, Judge Baxter's ORR, and Judge Suddaby's Order (Dkt. Nos. 20, 23) to the United States Marshal for service upon **J. BAMKER** and **CARYN EVANS**; and it is further

    **ORDERED** that a response to plaintiff's amended complaint be filed by defendants **SALSIBURU, J. BAMKER,** and **CARYN EVANS**, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

    **ORDERED** that, to the extent possible, the New York State Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the Doe defendants **within thirty (30) days** of the filing date of this Decision and Order. Upon receipt of a response from the New York State Attorney General's Office, as directed above, the Clerk shall return this file to the court for further review; and it is further

    **ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of

the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**   Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with the Local Rules of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is

      **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

Dated: October 9, 2024

Mitchell J. Katz
U.S. Magistrate Judge

5