UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

AHMED KHALIL,

               Plaintiff,

v.                                                5:22-CV-0312
                                                (GTS/MJK)
SCOTT SALISBURY, Corr. Officer, St. Lawrence
Cnty. Jail,

               Defendant.

_____

APPEARANCES:                                 OF COUNSEL:

AHMED KHALIL
  *Pro Se* Plaintiff
272 Central Avenue, Apt. 6
Albany, NY 12206

ST. LAWRENCE COUNTY ATTORNEY'S OFFICE     STEPHEN D. BUTTON, ESQ.
  Counsel for Defendant                           County Attorney
48 Court Street
Canton, NY 13617

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this civil rights action filed *pro se* by Ahmed Khalil

("Plaintiff") against St. Lawrence County Jail Corrections Officer Scott Salisbury ("Defendant"),

is Defendant's motion to dismiss Plaintiff's Second Amended Complaint for failure to state a

claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 106.)  For the reasons set forth below,

Defendant's motion is granted.

## I.     RELEVANT BACKGROUND

###     A.    Summary of Plaintiff's Second Amended Complaint

Generally, in his Second Amended Complaint, Plaintiff claims that Defendant violated Plaintiff's right to freely exercise his religion under the First Amendment based on the following factual allegations:

> On or around April 19th 2020 between 4:00 AM and 4:30 AM officer Salsiburu who was John Doe #8 deprive [sic] me from [sic] my prescribed medicine, [sic] as the night shift he was in possession of my medicine to give it [sic] to me before I start my Muslim fasting, [sic] he has a clear instructions [sic] to do that, he attentionly [sic] called me after I started testing so I cannot [sic] take my medicine, memorialized in grievance #1151.

(Dkt. No. 41, at ¶ 46.)  Grievance No. 1151 is not attached as an exhibit to Plaintiff' Second Amended Complaint, Defendant's motion to dismiss, or anywhere else on the docket sheet.  (*See generally* Docket Sheet.)

> **B.**      **Summary of Parties' Briefing on Defendant's Motion to Dismiss**

> **1.**      **Defendant's Memorandum of Law**

Generally, in his motion to dismiss, Defendant asserts five alternative arguments.  (Dkt. No. 106, Attach. 1.)  First, Defendant argues that, even when it is construed with the utmost of special leniency, Plaintiff's Second Amended Complaint fails to allege facts plausibly suggesting that Defendant substantially burdened Plaintiff's sincerely held religious beliefs for purposes of *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003).  (*Id*. at 13-15 [attaching pages "7" through "9" of Def.'s Memo. of Law].)

Second, Defendant argues, even assuming that Plaintiff's Second Amended Complaint has alleged facts plausibly suggesting that Defendant substantially burdened Plaintiff's sincerely held religious beliefs, it has failed to allege facts plausibly suggesting that Defendant acted in a manner that was unreasonable in light of legitimate penological interests for purposes of *Turner*

2

*v. Safley*, 482 U.S. 78, 89 (1987), because it does not address (a) the connection between the alleged conduct and the correctional facility's legitimate institutional interests (such as in its core operational functions regarding security, staffing, and medical judgment), (b) the availability of alternative means of religious practice, (c) the impact accommodation would have on staff, inmates, or facility operations, or (d) the absence of ready alternatives. (*Id*. at 14, 16-17.)

Third, in the alternative, Defendant argues that Plaintiff's Second Amended Complaint fails to allege facts plausibly suggesting that Defendant was personally involved in the alleged First Amendment violation, because (a) as the Second Circuit held in *McEachin v. McGuinnis*, 357 F.3d 197, 203 (2d Cir. 2004), temporary inconveniences, scheduling conflicts, or isolated disruptions do not rise to the level of a Free Exercise violation, and (b) indeed, Defendant's alleged misconduct "[o]n or around April 19th 2020" is not even actionable given that, according to international publications, Ramadan did not commence until on or about April *23*, 2020. (*Id*. at 15-16.)

Fourth, in the alternative, Defendant argues that, based on the factual allegations of Plaintiff's Second Amended Complaint, Defendant is entitled to qualified immunity as a matter of law, because a First Amendment right to routine meal or medication scheduling during Ramadan was not clearly established during the time in question. (*Id*. at 17-18.)

Fifth and finally, in the alternative, Defendant argues that, based on the factual allegations of Plaintiff's Second Amended Complaint, Plaintiff failed to exhaust his available administrative remedies before filing this action, and he cannot invoke any exhaustion-requirement exception pursuant to *Ross v. Blake*, 578 U.S. 632 (2016). (*Id*. at 18-22.)

      **2.**      **Plaintiff's Response**

After receiving two extensions of time in which to do so, Plaintiff failed to file a response to Defendant's motion to dismiss his Second Amended Complaint, which has been pending since December 22, 2025, in an action that has been pending since April 1, 2022. (*See generally* Docket Sheet.) Instead, Plaintiff has filed a *third* motion for an extension of time in which to respond to Defendant's motion, along with a *fourth* motion to amend his Second Amended Complaint. (Dkt. Nos. 97, 110, 111, 114, 115 118, 119.) Both motions are denied as procedurally improper and unsupported by a showing of cause.

In addition to the reasons stated in the Court's prior Text Orders (Dkt. No. 101, 112), the Court relies on the fact that, rather than use his available time to respond to the substance of Defendant's motion, Plaintiff spent his available time preparing the two above-described lengthy motions. (*See generally* Dkt. No. 118 [totaling 253 pages]; Dkt. No. 119 [totaling 52 pages].) Having said that, out of special solicitude to Plaintiff, the Court will treat Defendant's motion as opposed, and will not apply the lightened burden (requiring only facial merit) appropriate for an uncontested motion under this District's Local Rules of Practice.

## II.    GOVERNING LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.

5

2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1]    *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed.

## III.    ANALYSIS

After carefully considering the matter, the Court grant's Defendant's motion for the first four alternative reasons stated in his memorandum of law.  *See, supra,* Part I.B.1. of this Decision and Order.  To those reasons, the Court adds only three brief points.

First, under the circumstances alleged, the Court finds that being deprived of prescribed medication for a single day (before fasting) during Ramadan does not give rise to a First Amendment violation.  *See Salaam v. Adams*, 03-CV-0517, 2006 WL 2827687, at *6 (N.D.N.Y. Sept. 29, 2006) (report-recommendation of Lowe, M.J., adopted by Kahn, J.).

R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

Second, in any event, given the specificity of dates provided throughout Plaintiff's lengthy Second Amended Complaint (which spans 152 pages), the Court cannot liberally construe the phrase "[o]n or around April 19th 2020" as plausibly suggesting April *24*, 2020 (which is when fasting for Ramadan began in 2020).  *See, e.g., Wiley v. Baker*, 20-CV-0154, 2022 WL 3045042, at *1 (D. Vt. June 10, 2022), *report-recommendation adopted*, 2022 WL 3042140 (D. Vt. Aug. 2, 2022); *Lane v. Lay*, 20-CV-0148, 2023 WL 2609072, at *3 (E.D. Ark. Feb. 22, 2023), *report-recommendation adopted*, 2023 WL 2603972 (E.D. Ark. Mar. 22, 2023); *see also* "Start of Ramadan 2020," IslamiCity, https://www.islamicity.org/25330/start-of-ramadan-2020-1441-ah/ (last visited Mar. 24, 2026); *see also, infra,* note 2 of this Decision and Order.

Third, the Court does not rely on the fifth reason stated in Defendant's memorandum of law (regarding exhaustion), because the Amended Complaint expressly references a grievance (i.e., Grievance No. 1151), which has not been filed on the docket.[2]  As a result, the issue of exhaustion may be decided only on a motion for summary judgment and/or after a pre-trial exhaustion hearing.   Because the Court need not do so to decide his motion, it does not grant Defendant's alternative request to permit limited discovery on the issue of exhaustion and convert his motion to one for summary judgment.  (Dkt. No. 106, Attach. 1, at 21.)

**ACCORDINGLY**, it is

---

[2]     The Court notes that, while a JPEG image of this grievance was submitted by Plaintiff through MFT, that submission did not cause a filing of the document on the docket because the submission was procedurally improper in that it was unattached to any motion or pleading, in violation of MFT-filing requirements.  In any event, the Court notes that the grievance states both that the date of the wrongdoing and date of receipt of the grievance were April 19, 2020, rendering his claim not actionable.

**ORDERED** that Plaintiff's third motion for an extension of time in which to respond to Defendant's motion (Dkt. No. 118), and a fourth motion to amend his Second Amended Complaint (Dkt. No. 119), are **DENIED**; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 106) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 41) is **DISMISSED**.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: March 30, 2026
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge